IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOEL ALLEN, individually, and as Administrator of the Estate of Carolyn Allen, deceased<br><br>   Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR CORPORATION, ASBURY AUTOMOTIVE GROUP, INC., as successor in interest to PHIL SMITH MANAGEMENT, INC., PHIL SMITH MANAGEMENT, INC. a/k/a PHIL SMITH AUTOMOTIVE GROUP d/b/a STONECREST TOYOTA, and GROUP ONE AUTOMOTIVE GROUP, INC. d/b/a WORLD TOYOTA<br><br>   Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Toyota Motor Sales, U.S.A., Inc. ("TMS"), Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), Toyota Motor North America, Inc. ("TMNA"), Phil Smith Management, Inc. ("Phil Smith") (incorrectly identified as Phil Smith

Management, Inc. a/k/a Phil Smith Automotive Group d/b/a Stonecrest Toyota in plaintiff's Complaint), and Group 1 Automotive, Inc. ("Group 1 Auto") (incorrectly identified as Group One Automotive Group, Inc. d/b/a World Toyota in plaintiff's Complaint) (collectively, "Defendants"), hereby give notice of this removal of the civil action entitled *Joel Allen, individually, and as Administrator of the Estate of Carolyn Allen, deceased v. Toyota Motor Sales U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor North America, Inc., Toyota Motor Corporation, Asbury Automotive Group, Inc., as successor in interest to Phil Smith Management, Inc., Phil Smith Management, Inc. a/k/a Phil Smith Automotive Group d/b/a Stonecrest Toyota, and Group One Automotive Group, Inc. d/b/a World Toyota*, Civil Action File No. 16CV5310-9 in the Superior Court of DeKalb County, Georgia ("State Court Action"), to the United States District Court for the Northern District of Georgia, Atlanta Division. Defendants state the following in support:

## I.     Background

1.     On May 4, 2016, plaintiff filed the State Court Action against defendants by filing a Complaint in the Superior Court of DeKalb County, Georgia, Civil Action File No. 16CV5310-9.

2. In the State Court Action, plaintiff, a Georgia citizen, alleges that plaintiff's decedent Carolyn Allen died as a result of a motor vehicle accident that occurred on May 20, 2014 in DeKalb County, Georgia, when plaintiff's 2009 Toyota Corolla "suddenly accelerated" and ultimately collided with a landscaping truck. (Ex. A, Compl. ¶ 17.)

3. Plaintiff's Complaint alleges that defects in the design, manufacture and/or assembly of the subject 2009 Toyota Corolla's electronic throttle control system caused the car to suddenly accelerate, and that each of the named Toyota defendants are liable for the alleged defects. (*See id.*, Counts 1-3.)

4. Plaintiff alleges that Group 1 Auto owned World Toyota, that World Toyota negligently serviced the subject vehicle, and that it negligently failed to discover and warn plaintiff of the alleged design, manufacture and/or assembly defects. (*See id.*, ¶¶ 52-60 and Count 4.)

5. Plaintiff's Complaint further alleges that Phil Smith owned Stonecrest Toyota, the dealership that sold the subject 2009 Toyota Corolla to plaintiff, and that it also negligently failed to discover and warn plaintiff of the alleged design, manufacture and/or assembly defects. (*See id.*, ¶ 10 and Count 4.)

6. Against defendant Asbury Automotive Group, Inc. ("Asbury Auto"), plaintiff alleges only that the corporation is a successor in interest of Defendant

Phil Smith, and that it assumed the obligations of Defendant Phil Smith. (*See id.* ¶¶ 9-10.) Plaintiff's Complaint asserts no independent allegations of negligence against Asbury Auto, and no other theories of liability.

7. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Court has original jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332, and pursuant to 28 U.S.C. § 1441(b), because diversity of citizenship exists between plaintiff and the defendants which are not fraudulently joined, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. All defendants who are not fraudulently joined have either joined in this motion or have consented to removal. Accordingly, defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 1441(b).

8. The United States District Court for the Northern District of Georgia, Atlanta Division, is the federal district and division embracing the Superior Court of DeKalb County, Georgia, where this action was originally filed. *See* 28 U.S.C. §§ 90(a)(2), 1441(a). Defendants are therefore entitled to remove this action to this Court.

## II. Diversity of Citizenship

9. Plaintiff alleges he is a citizen of the state of Georgia. (Ex. A, Compl. ¶ 2.)

10. TMS is a California corporation with its principal place of business in Torrance, California. TMS is neither incorporated, nor has its principal place of business in the State of Georgia.

11. TEMA is a Kentucky corporation with its principal place of business in Erlanger, Kentucky. TEMA is neither incorporated, nor has its principal place of business in the State of Georgia.

12. TMNA is a California corporation with its principal executive office in Torrance, California. TMNA is neither incorporated, nor has its principal place of business in the State of Georgia.

13. Toyota Motor Corporation ("TMC") is a foreign corporation organized and existing under the laws of Japan with its headquarters in Toyota City, Japan.

14. Phil Smith is a Florida corporation with its principal place of business in Lighthouse Point, Florida. Phil Smith is neither incorporated, nor has its principal place of business in the State of Georgia.

15. Group 1 Auto is a Delaware corporation with its principal place of business in Houston, Texas. Group 1 Auto is neither incorporated, nor has its principal place of business in the State of Georgia.

16. Although Asbury Auto is alleged and believed to be a citizen of Georgia, its presence in this action does not compromise the complete diversity requirement of §§ 1332 and 1441(b) because it is fraudulently joined in the State Court Action. *See Fowler v. Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003).

17. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Joinder is fraudulent "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.* "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id.* Nonetheless, "the potential for legal liability 'must be reasonable, not merely theoretical.'" *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005), *citing Great Plains Truck Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 1992). With respect to fraudulent joinder, "Supreme Court precedent is

clear that a plaintiff's motivation for joining a defendant is not important." *Triggs*, 154 F.3d at 1291.

18. Asbury Auto was not involved in the design, manufacture, assembly, service or sale of the subject vehicle. (Ex. B, Affidavit of Dean A. Calloway, ¶ 3.) In short, Asbury Auto has no connection to the subject vehicle whatsoever. Asbury Auto purchased the selling dealership, Stonecrest Toyota, from non-party Gwinnett Auto Mall No. 2, LLC on July 22, 2013, well after plaintiff purchased the subject vehicle in 2009. (*See* Ex. B at ¶ 4; Ex. C, Purchase and Sale Agreement.)

19. Under Georgia law, "a purchasing corporation does not assume the liabilities of the seller unless: (1) there is an agreement to assume liabilities; (2) the transaction is, in fact, a merger; (3) the transaction is a fraudulent attempt to avoid liabilities; or (4) the purchaser is a mere continuation of the predecessor corporation." *See Bullington v. Union Tool Corp.*, 254 Ga. 283, 284 (Ga. 1985).

20. Plaintiff's Complaint alleges that Asbury Auto is "the successor corporation of Defendant Smith Management, because Defendant Asbury either expressly or impliedly assumed the obligations of Defendant Smith Management, or is a mere continuation of Smith Management by virtue of and related to Asbury's purchase and/or acquisition from Smith Management of a certain Toyota

automobile dealership, Nalley Toyota Stonecrest f/k/a Stonecrest Toyota, located at 7969 Mall Parkway, Lithonia, DeKalb County, Georgia." (Ex. A, Compl. ¶ 9.) However, these allegations are demonstrably false.

21. **There was no agreement to assume liabilities**. In the purchase agreement, Asbury Auto specifically assumed only the obligations and liabilities that accrued after the purchase date:

> Pursuant to the terms and subject to the conditions of the Acquisition Agreement and effective upon the Effective Time, Assignor hereby assigns and Assignee hereby assumes: (a) those obligations and liabilities accruing and incurred ***after the Effective Time under those Contracts set forth on attached Exhibit A*** . . . Except as specifically provided in Paragraph 2 above, Assignee does not assume, and Assignee shall not otherwise be obligated to pay, perform or discharge, any other Liabilities of Assignor, including, without limitation, the Excluded Liabilities.

(*See* Ex. D, Assignment and Assumption Agreement (emphasis added); *see also* Ex. B at ¶ 5; Ex. C, Purchase and Sale Agreement at 9, Article V.) Furthermore, the selling entity agreed to indemnify Asbury Auto for any claims arising out of the operation and ownership of the dealership prior to the sale. (*See* Ex. B at ¶ 6; Ex. C at 32, Article XIII.) The express terms of the purchase agreement belie any argument that Asbury Auto assumed liability for plaintiff's claims in this case.

22. **The transaction was not a merger**. Plaintiff has not alleged or otherwise claimed that there was a merger between Asbury Auto and the selling entity, and the sales documents (attached hereto as Exhibits B and C) definitively demonstrate that there was a pure asset purchase here, and no stock exchange or other merger of the entities. (*See* Ex. B at ¶ 7.)

23. **There was no fraudulent sale**. There has been no allegation that the sale was a fraudulent attempt to avoid liabilities, and there is no evidence whatsoever to support any such theory.

24. **Asbury Auto is not a continuation of the predecessor corporation**. Under Georgia law, in order to show that a corporation is a continuation of a predecessor corporation, there must be some identity of ownership between the asset purchaser and the seller. *See Cilurso v. Premier Crown Corp.*, 769 F. Supp. 372, 374 (M.D. Ga. 1991). The continuation theory does not apply without an identity of ownership even if the successor holds itself out to the public as a continuation and produces the same product line. *See id.* Here, there is no identity of ownership between Asbury Auto and Gwinnett Auto Mall No. 2, LLC. They are separate and distinct companies with no common ownership. (*See* Ex. B at ¶ 7.)

25. Because Asbury Auto is not a successor in interest of Defendant Phil Smith or Gwinnett Auto Mall No. 2, LLC, plaintiff cannot sustain any cause of action against Asbury Auto, and plaintiff cannot recover against Asbury Auto as a matter of law. *See Cilurso v. Premier Crown Corp.*, 767 F. Supp. 372, 374 (M.D. Ga. 1991) (finding no successor liability when the purchase agreement specifically declined the assumption of any existing liabilities and there was no identity of ownership between the asset purchaser and the seller); *Brown Transport Corp. v. Street*, 391 S.E.2d 699, 702 (Ga. Ct. App. 1990) (finding no successor liability when the purchase and sale agreement expressly rejected assumption of liabilities arising prior to the date of the purchase and sale, there was no merger of the corporations, there was no evidence suggesting that the sale was fraudulent, and the purchasing corporation was not a mere continuation of the selling corporation); *Howard v. APAC-Georgia, Inc.*, 383 S.E. 2d 617, 619 (Ga. Ct. App. 1989) (finding no successor liability and no de facto merger when there was an absence of shareholder continuity between the selling and purchasing entities).

26. Because the Complaint sets forth no reasonable basis for liability against Asbury Auto, as for the diversity of citizenship analysis, Asbury Auto is a fraudulently joined defendant in the State Court Action. Accordingly, Asbury

Auto's citizenship may not be considered for the purposes of determining diversity and subject matter jurisdiction.

### III. The Amount-in-Controversy is Satisfied.

27. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of the Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

28. Although plaintiff has made an unspecified demand for damages in his Complaint, the amount in controversy more likely than not exceeds the jurisdictional requirement. The Eleventh Circuit has embraced a "common-sense approach to deciding a jurisdictional challenge" concerning the amount in controversy. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010). Here, plaintiff's mother, Carolyn Allen, is alleged to have died as a result of the subject accident, and plaintiff is seeking damages for medical expenses, funeral expenses, pain and suffering, the full value of life of Carolyn Allen, and other damages allowed under Georgia law. Plaintiff is also seeking punitive damages. (Ex. A, Compl. ¶¶ 94, 97.)

29. Further, verdicts from other cases involving deaths indicate the likelihood the amount in controversy for this case clearly exceeds the jurisdictional

requirement. *See e.g.*, *Walker v. Riley*, The Georgia Trial Reporter, vol. 9, no. 8, p. 39 (State Court of Gwinnett County 1996) (jury awarded $275,000 for full value of life only to the surviving parents of decedent struck by a driver who's vehicle rolled over into the opposing lane of travel); *Foster, Buggs and Foster v. Kelley*, The Georgia Trial Reporter, vol. 1, no. 11, p.10 (State Court of DeKalb County 1988) (jury awarded $1,099,577 to the surviving passengers and relative of decedent struck by a driver who crossed the median on Interstate 75). (*See* Ex. E.)

30. Accordingly, this Court, relying on its "judicial experience and common sense" should determine that, more likely than not, the $75,000 amount-in-controversy requirement is satisfied. *See Roe*, 613 F.3d at 1064.

## IV. <u>Defendants Have Satisfied the Procedural Requirements for Removal</u>.

31. This removal is timely filed. Plaintiff served a copy of the Summons and Complaint on Group 1 Auto on May 9, 2016, on TMS on May 10, 2016, on TMA on May 13, 2016, and on TEMA and Phil Smith on May 20, 2016. For the purposes of this Notice of Removal, Asbury Auto is to be disregarded for determining diversity jurisdiction on the basis of fraudulent joinder.[1] Accordingly, this Notice of Removal is timely filed within thirty (30) days after service of the

---

[1] Asbury Auto was served on May 10, 2016. Accordingly, even if Asbury Auto's service date was considered, the removal would be timely.

Complaint on any of the defendants joining this motion pursuant to 28 U.S.C. § 1446(b).

32. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the Superior Court of DeKalb County, Georgia, where the action was pending.

33. Defendants TMS, TEMA, TMNA, Phil Smith and Group 1 Auto consent to and join in this removal of the State Court Action. Defendant Asbury Auto was fraudulently joined and its consent is not necessary. *See Maxwell v. E-Z-Go, a Div. of Textron, Inc.*, 843 F. Supp. 2d 1209, 1213 (M.D. Ala. 2012) ("A fraudulently joined party is not properly joined and, accordingly, need not join or consent to the removal.") TMC has not been properly served in this matter. Should this Court or any other Court find that TMC has been properly served, TMC hereby consents to this removal.

34. Pursuant to 28 U.S.C. § 1446(a), a copy of all records and proceedings from the State Court Action, including a copy of all process, pleadings, and discovery served upon the defendants, is attached to this Notice of Removal as Exhibit "F" and incorporated herein by reference.

35. If any question arises as to the propriety of the removal of this action, defendants request the opportunity to present a brief and oral argument further supporting their position that this case is removable.

WHEREFORE, defendants respectfully remove the State Court Action from the Superior Court of DeKalb County, Georgia, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This 8th day of June, 2016.

              KING & SPALDING LLP

              /s/ Anneke J. Shepard
              Harold E. Franklin, Jr.
              Georgia Bar No. 273416
              Anneke J. Shepard
              Georgia Bar No. 545247
              1180 Peachtree Street, N.E.
              Atlanta, Georgia 30309
              (404) 572-4600

              *ATTORNEYS FOR TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR NORTH AMERICA, INC., PHIL SMITH MANAGEMENT, INC., GROUP 1 AUTOMOTIVE, INC.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 7.1(D) of the Local Rules of the Northern District of Georgia, the undersigned hereby certifies that the foregoing was prepared in a font and point selection approved by this Court and authorized by Local Rule 5.1(C).

This 8th day of June, 2016.

/s/ Anneke J. Shepard
Anneke J. Shepard
Georgia Bar No. 545247

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the **NOTICE OF REMOVAL** on all parties and/or counsel of record by depositing a copy of the same in the United States Mail, first class, postage prepaid and addressed as follows:

> Bruce F. Morriss
> Daniel Shim
> MORRISS & SHIM
> 2233 Peachtree Road NE, Ste 212
> Atlanta, Georgia 30309

This 8th day of June, 2016.

/s/ Anneke J. Shepard
Anneke J. Shepard